UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VICTOR P. BONURA ENTERPRISES, INC. | CIVIL ACTION |
| VERSUS | NO. 06-7433 |
| CERES ENVIRONMENTAL SERVICES, INC. | SECTION: "C" |

### ORDER AND REASONS

This matter comes before the Court on a motion to remand filed by the plaintiff, Victor P. Bonura Enterprises, Inc. ("Bonura") (Rec. Doc. 2). The defendant, Ceres Environmental Services, Inc. ("Ceres") opposes the motion. Having considered the arguments of counsel, the record and the applicable law, the Court finds that Bonura's motion to remand is **GRANTED**.

### I. BACKGROUND

Sometime after Hurricane Katrina, Ashbritt, Inc. ("Ashbritt") contracted with St. Charles Parish to remove hurricane debris. Ashbritt in turn subcontracted with Bonura on September 16, 2005 to operate two burn units in St. Charles Prish for the disposal of vegetative debris.

Then on September 25, 2005, Ceres assumed Ashbritt's contract with St. Charles Parish and Ashbritt's subcontract with Bonura. Bonura continued to work under the terms of the subcontract until November 22, 2005. However, Ceres allegedly failed to pay Bonura.

As a result, Bonura filed this action against Ceres and St. Charles Parish in the 29th Judicial District Court for the Parish of St. Charles, State of Louisiana on July 26, 2006. In its

complaint, Bonura alleges that the defendants are liable for more than $700,2000. Bonura alleges that Ceres failed to pay its invoices and that St. Charles Parish is liable for the work because it was the party who benefitted.

On September 8, 2006, St. Charles Parish filed an answer to Bonura's suit. At that time, it denied all of the allegations against it. It also claimed that Bonura filed to state a cause of action against it, does not have a right of action against it and that there was no privity of contract between St. Charles Parish and Bonura.

Then on October 5, 2006, Ceres filed its notice of removal alleging diversity jurisdiction. In its notice of removal, Ceres points out that it is a citizen of Minnesota, while Bonura is a citizen of Louisiana and that there is over $75,000 in controversy. Furthermore, Ceres asserts that St. Charles Parish, a political subdivision of the State of Louisiana capable of being sued, was fraudulently joined to the case and thus its citizenship should be disregarded for diversity jurisdiction purposes.

On November 3, 2006 Bonura filed this motion to remand, contesting Ceres's removal of this action. According to Burnora, this action should be remanded because Ceres's notice of removal was untimely. Bonura argues that Ceres filed its notice of removal more than thirty days after the first defendant was served with the complaint, therefore removal was untimely. Furthermore, Bonura asserts that fraudulent joinder cannot be ascertained from St. Charles Parish's denial of the allegations against it in its answer to the suit. Bonura claims that St. Charles Parish may be liable to it on the basis of contract, regardless of their answer.

## II. ANALYSIS

Under 28 U.S.C. § 1446(b), a notice or removal of a civil action must be filed within thirty days of the defendant's receipt of the initial pleadings. However,

> "[i]f the case stated by the initial pleading is not removable, a notice or removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, . . ."

28 U.S.C. § 1446(b) (2006).

Here, Ceres claims that it first ascertained that the case was removable when St. Charles Parish filed it answer to the suit on September 8, 2006. According to Ceres, St. Charles Parish's answer made it apparent that St. Charles Parish was fraudulently joined to the action and that the action was removable. Thus, Ceres filed its notice of removal on October 5, 2006, within the thirty day time period outlined by 28 U.S.C. § 1446(b).

Bonura disagrees with this analysis. It claims that despite St. Charles Parish's answer, it may still have a cause of action against it for breach of contract. As a result, it argues that Ceres notice of removal had to be filed within thirty days of its receipt of the pleadings and was untimely.

The standard for determining when a defendant has been fraudulently joined is well established in the Fifth Circuit. To demonstrate fraudulent joinder, the party seeking removal must show the "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Illinois Railroad Co.*, 252 F.3d 220, 222-23 (5th Cir. 2003); See also, *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). Courts examine "[i]f there is 'arguably a reasonable basis for predicting that the state law might impose liability on

3

the facts involved.'" *Smallwood*, 352 F.3d at 223 (citing, *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 816 (5th Cir. 1993)). Furthermore, the Fifth Circuit has stated that "[i]f the plaintiff has *any* possibility of recovery under state law against the party whose joinder is questioned, then the joinder is not fraudulent in fact or law. *Rich III v. Bud's Boat Rentals, Inc.*, 1997 WL 785668, *2 (E.D. La. 2003) (citing, *Burden v. General Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995)) (emphasis added).

A party is considered fraudulently joined when the plaintiff has not or can not state a claim for relief against the individual or entity under the applicable substantive law or does not intend to secure a judgment against that defendant. *Englande v. Glaxo Smithkline*, 206 F. Supp. 2d 815, 817 (E.D. La. 2002) (citing, *Erdey v. American Honda Co., Inc.*, 96 F.R.D. 593, 595 (M.D. La. 1983)). The key inquiry to a claim of fraudulent joinder is whether the facts as alleged support the plaintiff's substantive claims against the non-diverse defendants. *Englande*, 206 F. Supp. 2d at 819 (citing *B., Inc.*, 663 F.2d at 545). To determine whether jurisdiction is present for removal, courts consider the claims in the state court petition as they existed at the time of removal. *Englande*, 206 F. Supp. 2d at 816 (citing *Cavallini v. State Farm Mut. Augo Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)). Any ambiguities are construed against removal, as the removal statute should be strictly construed in favor of remand. *Englande*, 206 F. Supp. 2d at 817. (citing *Cavallini*, 44 F.3d at 264). Because the fraudulent joinder doctrine is a narrow exception to the rule that diversity jurisdiction requires complete diversity, the burden of demonstrating fraudulent joinder is a heavy one. *Smallwood*, 352 F.3d at 222.

Ceres alleges that St. Charles Parish was fraudulently joined. First Ceres argues that there was no privity of contract between St. Charles Parish and Bonura. Next, Ceres asserts that

4

Bonura cannot recover against St. Charles Parish under a theory of unjust enrichment. Thus, according to Ceres, Bonura has not stated a claim for relief against St. Charles Parish.

In its petition, Bonura alleges that Ashbritt, and then Ceres, had a contract with St. Charles Parish. Bonura was hired by Ashbritt as a subcontractor to perform work under Ashbritt's contract with St. Charles Parish. Ceres then assumed Ashbritt's contracts with St. Charles Parish and its subcontract with Bonura. This series of contracts outlined by Bonura in its petition shows that it had a subcontract with Ashbritt and then Ceres. Ashbritt and Ceres had contracts with St. Charles Parish. There is no allegation that Bonura had privity of contract with St. Charles Parish. Thus, Bonura cannot state a claim against St. Charles Parish for breach of contract.

Bonura's complaint also alleges that St. Charles Parish is liable to it as the owner and party who benefitted from Bonura's work. Essentially, this is a claim for unjust enrichment. Under Louisiana law, there are five requirements for establishing a claim of unjust enrichment: (1) there must be enrichment, (2) there must be an impoverishment, (3) there must be a connection between the enrichment and resulting impoverishment, (4) there must be an absence of "justification" or "cause" for the enrichment and impoverishment, and (5) there must be no other remedy at law available to the plaintiff. *Finova Capital Corp. v. IT Corp.*, 774 So.2d 1129, 1132, 33,994 (La. App. 2 Cir. 12/15/00).

In this case, the unjust enrichment remedy is unavailable to Bonura against St. Charles Parish, because Bonura has pleaded an alternative remedy at law, breach of contract against Ceres. That contract claim, not the Louisiana doctrine of unjust enrichment, governs the propriety of Bonura's recovery.

5

Therefore, Bonura has failed to state a claim against St. Charles Parish and St. Charles Parish was fraudulently joined to this action. However, this action must be remanded because Ceres' notice of removal was untimely. Ceres could have ascertained that St. Charles Parish was frauduletly joined based upon Bonura's complaint. As stated above, the complaint does not allege that Bonura had privity of contract with St. Charles Parish. Furthermore, any claim for unjust enrichment was legally precluded by Bonura's breach of contract claims against Ceres. St. Charles Parish's answer, which denied any claims against it and stated the defenses of no cause of action or privity of contact, did not add any new information that Ceres could not have ascertained by examining the complaint. Thus, Ceres had to remove the action within thirty days of its receiving the initial complaint. Summons was issued to Ceres on July 26, 2006.[1] Ceres did not file its notice of removal until October 5, 2006, more than thirty days after it received notice of the pleadings.

### III. CONCLUSION

For the reasons stated above,

IT IS ORDERED that Bonura's motion to remand is GRANTED.

New Orleans, Louisiana this 3rd day of January, 2007.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

---

[1] The Court assumes that Ceres received this summons, i.e. notice of the pleadings soon after the summons was issued, as the date of receipt cannot be located in the record available.